# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.                                                   Case Number    3:07-cr-876-01(MLC)

PHILIP N. BURGESS, JR.

   Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, PHILIP N. BURGESS, JR., was represented by Gerald Krovatin, Esq., Richard Sapinski, Esq., and Larry Horn, Esq.

On motion of the United States the court has dismissed counts 1-13, 15-21 and 23.

The defendant pled guilty to counts 14 and 22 of the INDICTMENT on October 29, 2009. Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date of Offense | Count Numbers |
|---|---|---|---|
| 26:7202 and 18:2 | FAILURE TO PAY OVER TRUST FUND AND PAYROLL TAXES | 2001 - 2005 | 14 |
| 26:7201 and 18:2 | INCOME TAX EVASION | 2000 - 2004 | 22 |

As pronounced on October 22, 2010, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $200, for counts 14 and 22, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the 29th day of October, 2010.

_____
MARY L. COOPER
United States District Judge

RECEIVED

OCT 2 9 2010

AT 8:30_____M
WILLIAM T. WALSH
CLERK

08540-2221

AO 245B (Mod. D/NJ 12/06) Sheet 2 - Imprisonment

Judgment – Page 2 of 6

Defendant: PHILIP N. BURGESS, JR.
Case Number: 3:07-cr-876-01(MLC)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 8 Months on each of counts 14 and 22, each count concurrent.

The Court makes the following recommendations to the Bureau of Prisons:

-Designation to the satellite prison camp adjacent to the USP Lewisberg
-Participation in the Bureau's 100 hour Non-Residential Drug Treatment Program

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons on January 21, 2011.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Defendant:     PHILIP N. BURGESS, JR.
Case Number:   3:07-cr-876-01(MLC)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years on each of counts 14 and 22, each count concurrent.

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court as set forth below.

The defendant shall submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and shall comply with the following special conditions:

### LOCATION MONITORING PROGRAM   (2 months)  (Payment waived)

You are to participate in the Location Monitoring Program. You shall be confined to your residence for a period of 2 months commencing at the direction of the U.S. Probation Office. You shall be required to be at this residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs , school transportation and programs for his children,and at other such times as may be specifically authorized by the U.S. Probation Office.

### ALCOHOL/DRUG TESTING AND TREATMENT

You shall refrain from the illegal possession and use of drugs, including prescription medication not prescribed in your name, and the use of alcohol, and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that you shall submit to evaluation and treatment, on an outpatient or inpatient basis, as approved by the U.S. Probation Office. You shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged by the Court. You shall alert all medical professionals of any prior substance abuse history, including any prior history of prescription drug abuse. The Probation Officer shall supervise your compliance with this condition.

### COOPERATION WITH THE INTERNAL REVENUE SERVICE

You are to fully cooperate with the Internal Revenue Service by filing all delinquent or amended returns within six months of the sentence date and to timely file all future returns that come due during the period of supervision. You are to properly report all correct taxable income and claim only allowable expenses on those returns. You are to provide all appropriate documentation in support of said returns. Upon request, you are to furnish the Internal Revenue Service with information pertaining to all assets and liabilities, and you are to fully cooperate by paying all taxes, interest and penalties due, and otherwise comply with the tax laws of the United States.

Judgment – Page 4 of 6

Defendant: PHILIP N. BURGESS, JR.
Case Number: 3:07-cr-876-01(MLC)

## STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.
2) The defendant shall not illegally possess a controlled substance.
3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.
4) The defendant shall not leave the judicial district without the permission of the court or probation officer.
5) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
7) The defendant shall support his or her dependents and meet other family responsibilities.
8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
(17) You shall cooperate in the collection of DNA as directed by the Probation Officer.
(This standard condition would apply when the current offense or a prior federal offense is either a felony, any offense under Chapter 109A of Title 18 (i.e., §§ 2241-2248, any crime of violence [as defined in 18 U.S.C. § 16], any attempt or conspiracy to commit the above, an offense under the Uniform Code of Military Justice for which a sentence of confinement of more than one year may be imposed, or any other offense under the Uniform Code that is comparable to a qualifying federal offense);
(18) Upon request, you shall provide the U.S. Probation Office with full disclosure of your financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, you are prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Office. You shall cooperate with the Probation Officer in the investigation of your financial dealings and shall provide truthful monthly statements of your income. You shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Office access to your financial information and records;

Defendant: PHILIP N. BURGESS, JR.
Case Number: 3:07-cr-876-01(MLC)

(19) As directed by the U.S. Probation Office, you shall participate in and complete any educational, vocational, cognitive or any other enrichment program offered by the U.S. Probation Office or any outside agency or establishment while under supervision;

(20) You shall not operate any motor vehicle without a valid driver's license issued by the State of New Jersey, or in the state in which you are supervised. You shall comply with all motor vehicle laws and ordinances and must report all motor vehicle infractions (including any court appearances) within 72 hours to the U.S. Probation Office;

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____
                     Defendant                                    Date

_____
U.S. Probation Officer/Designated Witness        Date

Case 3:07-cr-00876-MLC   Document 82   Filed 10/29/10   Page 6 of 6 PageID: 972
AO 245B (Mod. D/NJ 12/06) Sheet 5 - Fine

Judgment – Page 6 of 6

Defendant: PHILIP N. BURGESS, JR.
Case Number: 3:07-cr-876-01(MLC)

## FINE

The defendant shall pay a fine of $1000 on count 14.

Fine is waived on count 22.

This fine is due immediately and shall be paid in full within 30 days of sentencing.

The Court determines that the defendant does not have the ability to pay interest and therefore waives the interest requirement pursuant to 18 U.S.C. § 3612(f)(3).

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.